### In re REGENCY NORTH ASSOCIATES, Debtor.

**Bankruptcy No. 89–41584–2–11.**

United States Bankruptcy Court, W.D. Missouri.

May 24, 1991.

---

Joel Pelofsky, Kansas City, Mo., for debtor.

Dennis R. Dow, Shook, Hardy & Bacon, Kansas City, Mo., for Travelers Ins.

## MEMORANDUM OPINION

### FRANK W. KOGER, Chief Judge.

Debtor is the operator of an apartment complex that filed for reorganization under Chapter 11 in 1989 in the Central District of California, had the case transferred to this district, was confirmed in 1990 and now returns in 1991 seeking an accounting, additional credit on its debt, and permission to use money heretofore paid by it to Travelers Insurance Company (Travelers). Travelers held a note for $1,077,718.35 secured by a first deed of trust on the apartment complex. Travelers was and is oversecured.

Debtor and Travelers entered into a stipulation for use of cash collateral which allowed debtor to use some of the rents for operating purposes and for some limited repairs. The balance, some $292,277.44, was paid to Travelers while the debtor was between filing and confirmation. The stipulation provided that Travelers was to apply said sums first to the replenishment of the tax and insurance escrow accounts so that there would be sufficient sums on hand to pay the taxes annually and the insurance premiums annually. Next Travelers was to apply the remainder "according to the terms of Travelers' loan documents".

After the debtor's plan was confirmed, debtor requested an accounting as to the application of the funds paid. Travelers

supplied several sheets but the figures as to what had occurred mathematically showed that Travelers had not established tax and insurance escrows, had not applied any balances to the loan, and had charged $23,313.44 of attorney fees to the sums paid. This last item was especially egregious because the issue of reasonable attorney fees for Travelers had been resolved by this Court after submission to it of that question. This Court had set the reasonable attorney fees, to be allowed to Travelers as an oversecured creditor, at $16,235.50 or some seven thousand less than Travelers was determined to charge to the fund. In addition although Travelers did not apply the $292,277.44 to any item nor allow any interest on it, it continued to charge interest on its balance. Travelers first charged the $1,077,718.35 debt due on the filing date with 502 days of default interest, then charged it with all taxes, insurance and attorney fees to reach a total of $1,364,829.95 as the balance due as of the confirmation date. Then Travelers credited the $292,277.44 paid over the preceding eight months against the balance to reach an effective date (5/17/90) claim of $1,072,552.51. Travelers clearly does not believe in the old adage of using the same sauce for both genders of geese, believing instead that interest should be charged on its loan but not on the funds it was holding.

■ In addition to seeking the accounting, debtor sought to have Travelers advance to debtor the sum of $65,000.00, claiming that Travelers was obligated, under the confirmed plan, to fund capital improvements to the apartment complex for the first two years of the plan. Debtor reads this result from the plan and the original cash collateral stipulation entered in California at the onset of the case, because it allowed debtor to use operating funds for capital improvements and repairs. Such a provision is in the cash collateral order, but it is modified by the necessity for consent by the secured party or by order of the Court. The secured party (Travelers) is not consenting. This Court does not see fit to issue such an order. Frankly, the undersigned does not

know what was in the hearts and minds of Travelers, debtor, or the Court when the cash collateral order was entered in California in 1989. However, when this Court confirmed debtor's plan in 1990, this Court believed debtor could proceed forward on a cash basis. This Court did not contemplate the "force placing" of a $65,000.00 loan with Travelers. This Court would only do so if the confirmed plan clearly contemplated such a possibility or if the plan were modified as per 11 U.S.C. § 1127.

In view of the foregoing Travelers is ORDERED to credit the funds comprising the $292,277.44 with interest at 8% per annum from the date each amount was received until the date of confirmation. Travelers may charge said $292,277.44 with $16,235.50 in attorney fees and costs as of the date of confirmation. Travelers may charge said fund with taxes and/or insurance premiums paid, as of the date actually paid, and, of course, need only pay interest on the remaining balances after such expenditures. Travelers shall furnish the Court and debtor with an accounting showing the result of said computations within thirty (30) days. Debtor's request "For Authority To Utilize Funds For Capital Improvements" is DENIED.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.